UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

DENNIS DELMAR LINCOLN,

    Petitioner,

v.                                                         CASE NO. 2:06-cv-307

DAVE BERGH,                               HON. ROBERT HOLMES BELL

    Respondent.
_____/

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on a habeas corpus petition filed by Petitioner Dennis Delmar Lincoln pursuant to 28 U.S.C. § 2254. (Dkt. No. 1.) On July 31, 2009, Magistrate Judge Timothy P. Greeley issued a Report and Recommendation ("R&R"), recommending that this Court deny the petition. (Dkt. No. 40.) Petitioner filed objections to the R&R on August 14, 2009. (Dkt. No. 41.) This Court must review de novo those portions of the R&R to which specific objection has been made, and may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Petitioner first objects to the Magistrate Judge's determination that Respondent's answer to Petitioner's § 2254 motion was timely filed. There was no error in this determination. Rule 5 of the Rules Governing Section 2254 Cases vests the district court

with the power to order a response, and the power to order a response includes the power to determine when the response should be submitted. On July 24, 2007, the Magistrate Judge granted Respondent's motion for an extension of time to file its response (Dkt. No. 9), and on appeal this Court affirmed the Magistrate's order (Dkt. No. 14). Respondent subsequently filed its answer within the time period required by this Court.

Petitioner next objects to the Magistrate's determination that the state court's failure to notify Petitioner of his right to an attorney during Petitioner's arraignment violated Petitioner's Sixth Amendment right to counsel. Petitioner does not cite, and the Court has not discovered, any "clearly established" Supreme Court precedent requiring a trial court to inform a criminal defendant of his right to counsel during arraignment.[1] Rather, all that is required is that the defendant be "made sufficiently aware of his right to have counsel present during [post-arraignment] questioning, and of the possible consequences of a decision to forgo the aid of counsel." *Patterson v. Illinois*, 487 U.S. 285, 292 (1988). This standard is met as long as the defendant has been apprised of his *Miranda* rights. *Id.*; *see also Montejo v. Louisiana*, 129 S. Ct. 2079, 2085 (2009). The evidence shows that prior to Petitioner's arraignment Petitioner was informed of his *Miranda* rights, including his right to counsel, and that Petitioner understood these rights. In addition, immediately following Petitioner's arraignment, and prior to the initiation of additional questioning, Petitioner was again advised

---

[1] Michigan law requires a trial court to inform a criminal defendant of his right to counsel during arraignment. Mich. Ct. R. 6.005(A), 6.104(E). However, § 2254 relief is not available for violations of state law alone. 28 U.S.C. § 2254.

2

of his rights. Nevertheless, at no point did Petitioner invoke his right to an attorney with the clarity required to foreclose further interrogation. Thus, Petitioner's Sixth Amendment rights were not violated by police interrogation that occurred after Petitioner's arraignment.

Petitioner next objects to the Magistrate Judge's determination that the statements he made were not coerced or involuntary in violation of his Fifth Amendment right against self-incrimination. The Court agrees with the Magistrate Judge. A criminal defendant may waive his *Miranda* rights, including his right to remain silent and right to an attorney, as long as the waiver is "the product of a free and deliberate choice rather than intimidation, coercion, or deception," and it was "made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it." *Moran v. Burbine*, 475 U.S. 412, 421 (1986). "Only if the 'totality of the circumstances surrounding the interrogation' reveal both an uncoerced choice and the requisite level of comprehension may a court properly conclude that the *Miranda* rights have been waived." *Id.* (quoting *Fare v. Michael C.*, 442 U.S. 707, 725 (1979)). As discussed above, Petitioner was apprised of his *Miranda* rights on at least three separate occasions, once immediately following Petitioner's arrest on December 25 and twice on December 26, and Petitioner nevertheless displayed an eagerness to talk with the police with full knowledge of his rights. In addition, although Petitioner argues that the detectives used deception and coercion to get him to talk, there is no evidence in the record to support such a claim. Petitioner's incriminating statements were the product of a valid waiver of his Fifth Amendment rights.

3

Finally, Petitioner objects to the Magistrate Judge's determination that a certificate of appealability should be denied. Again, the Court agrees with the Magistrate Judge. No reasonable jurist would find this Court's assessment of Petitioner's constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's objections to the report and recommendation (Dkt. No. 41) are **DENIED**.

**IT IS FURTHER ORDERED** that the report and recommendation (Dkt. No. 40) is **APPROVED** and, combined with the discussion set forth herein, **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Petitioner's petition under 28 U.S.C. § 2254 (Dkt. No. 1) is **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

Dated: March 9, 2010    /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE